**IN THE COURT OF APPEALS OF IOWA**

No. 23-1730
Filed January 24, 2024

**IN THE INTEREST OF K.C.-P.,**
**Minor Child,**

**J.C., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Cynthia S. Finley, District Associate Judge.


        A father appeals the termination of his parental rights. **AFFIRMED.**


        Annette F. Martin, Cedar Rapids, for appellant father.

        Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

        Julie G. Trachta of Linn County Advocate, Inc., Cedar Rapids, attorney and guardian ad litem for minor child.


        Considered by Tabor, P.J., and Schumacher and Badding, JJ.

**BADDING, Judge.**

A father appeals the termination of his parental rights to his child—born in 2019—under Iowa Code section 232.116(1)(b) and (f) (2023).[1]  He argues the evidence was insufficient to support the latter ground and termination is contrary to the child's best interests.

Before we get to those claims, we must first decide whether to grant the father a delayed appeal since he filed his notice of appeal one day late.  After the supreme court ordered the father to file a statement explaining why the appeal should not be dismissed as untimely, the father requested "a delayed appeal based on excusable neglect and inadvertence."  He asserted that he "lives out of state and communication is sometimes delayed" with his attorney, the "untimely filing was out of [his] control," and "the one-day delay is negligible."  The State did not resist the father's request for a delayed appeal, and the supreme court ordered the issue to be submitted with the appeal.  Based on the father's assertions and lack of resistance from the State, we opt to grant the delayed appeal.  *See In re W.T.*, 967 N.W.2d 315, 322 (Iowa 2021) (premising entitlement to delayed appeal on showings that (1) the parent clearly intended to appeal, (2) failure to do so timely was outside the parent's control, and (3) the delay was no more than negligible).

But our decision to do so does not help the father in the end.  As noted, the father only offers a substantive challenge to one of the statutory grounds for

---

[1] The father's rights were terminated in October 2023.  The mother's rights were terminated in a prior order in May, which we affirmed.  *See generally In re K.C.-P.*, No. 23-0886, 2023 WL 4752172 (Iowa Ct. App. July 26, 2023).  The order terminating the mother's parental rights did not address the parental rights of any father because there was no known father then, although the court had "newly obtained information regarding potential fathers."  *Id.* at *2 n.1.

termination cited by the juvenile court—Iowa Code section 232.116(1)(f)—with no mention of the other ground.[2]  The father has therefore waived any challenge to termination for abandonment or desertion under section 232.116(1)(b), and we affirm on this ground.  *See, e.g.*, *In re A.S.*, No. 23-1625, 2023 WL 8449568, at *1 (Iowa Ct. App. Dec. 6, 2023) (finding mother's failure to challenge one of the alternative grounds for termination amounted to waiver and affirming termination on unchallenged ground).

That brings us to the father's bare-bones best-interests argument.  The father simply argues "[t]he court erred in finding that termination would be in the best interest of the child under Iowa Code section 232.116(2)."  The father does not address the statutory best-interest factors or point to any facts in the record supporting his generalized claim.  With no supporting argument, the father's conclusory statement is not enough to facilitate our review.  *See In re T.W.*, No. 22-1363, 2022 WL 10827260, at *2 (Iowa Ct. App. Oct. 19, 2022) (summarily affirming termination on waiver grounds after granting delayed appeal because mother's "conclusory statements without citations to the record" and lack of any "meaningful substantive argument" did not comply with "appellate rules and standards for petitions on appeal in child-welfare cases" and was therefore insufficient to allow appellate review).[3]

---

[2] While the heading of the father's argument says "[t]he trial court erred when it terminated [his] parental rights pursuant to Iowa Code section 232.116(1)(b) and 232.116[(1)](f)," in the body of the argument, the father only addresses paragraph (f).

[3] *See also* Iowa Rs. App. P. 6.201(1)(d) ("The petition on appeal shall substantially comply with form 5 in rule 6.1401."); .1401–Form 5 ("[S]tate what findings of fact or conclusions of law the district court made with which you disagree and why, generally referencing a particular part of the record, witnesses' testimony, or

In any event, we find termination to be in the child's best interests. The father, who lives in Illinois and was recently fired from his job because of drug use, has had little involvement with the child since his birth in 2019—even though he knew about the child. The father did have a visit with the child two months before the September 2023 termination hearing, but the child didn't know who he was. That's likely because the father and child had no contact for more than two years before that interaction. The father admits in his petition on appeal that "he did not have any other contact with the minor child" after that interaction. The father has not provided for the child or established a place of importance in the child's life.[4] On the other hand, the child and his sibling are placed together with a maternal relative who has the ability to provide permanency. The child is happy, healthy, and safe there, finally coming "out of his shell" with speech therapy and daycare. *See In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (stating the defining elements of a child's best interests are safety and a need for a permanent home). Terminating this uninvolved father's parental rights so the child can have a shot at permanency is in the child's best interests, and we affirm the termination of the father's parental rights.

**AFFIRMED.**

---

exhibits that support your position on appeal. . . . *General conclusions, such as 'the trial court's ruling is not supported by law or the facts' are not acceptable.*"); *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review."); *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments.").

[4] We also note these facts amount to clear and convincing evidence to support termination under section 232.116(1)(b).